1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HAROLD JOHN MURPHY Jr.

Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS,

Defendant.

CASE NO.  C11-5174BHS/JRC

ORDER DIRECTING PLAINTIFF TO
CURE DEFICIENT COMPLAINT

The Court, having reviewed plaintiff's proposed complaint (ECF No. 1), and the balance

of the record contained herein, does hereby find and ORDER the following:

Plaintiff complains of an alleged slip and fall in the bathroom at the Larch Corrections

Center.  He does not name a person as a defendant -- only a state agency.  The complaint has

several defects.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (l) the conduct

complained of was committed by a person acting under color of state law; and (2) the conduct

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels

v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged

1    wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354

2    (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

3          Mere negligence, does not state a claim for a violation of a constitutional right.  The

4    Eighth Amendment prohibits infliction of cruel and unusual punishment.  The Eighth

5    Amendment is violated if an inmate is deprived of the minimal civilized measure of life's

6    necessities.  Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Young v. Quinlan, 960 F.2d 351,

7    359 (3rd Cir. 1992).  To establish an Eighth Amendment violation, an inmate must allege both an

8    objective element--that the deprivation was sufficiently serious--and a subjective element--that a

9    prison official acted with deliberate indifference.  Young, 960 F.2d at 359-60.  To constitute

10   deliberate indifference, an official must know of and disregard an excessive risk to an inmate's

11   health or safety.  The official must be aware of facts from which the inference could be drawn

12   that a substantial risk of serious harm exists; and the official must also draw the inference.

13   Farmer v. Brennan, 511 U.S. 825, 837 (1994).

14

15

16         Plaintiff does not name any particular staff person as having been aware of the situation

17   that led to his injury.  Nor does he allege any person drew the inference that the situation placed

18   him or anyone else at excessive risk of injury.  Finally, there is no allegation that any prison

19   official acted with deliberate indifference.  While the complaint may state a claim under state tort

20   law, it does not state a claim under the federal civil rights act.

21

22         Further, plaintiff names only the State Department of Corrections as a defendant.  States

23   and there subdivisions are not persons for purpose of the civil rights act. Neither states nor state

24   officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983.  Will

25   v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).  The Eleventh Amendment prohibits a

26   state being sued in federal court for damages. See Seminole Tribe of Florida v. Florida 517 U.S.

ORDER - 2

44, 72 (1996) *overruled in part by* Cent. Va. Cmty. College v. Katz, 546 U.S. 356, 363 (2006);

Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th

Cir. 1996).

These defects could be cured, or plaintiff may decide he is in the wrong forum.  Plaintiff

should be given the opportunity to either amend the complaint or dismiss the action prior to the

court granting in forma pauperis status as under the Prison Litigation Reform Act once in forma

pauperis status is granted the full $350 filing fee will be collected.

Plaintiff is directed to either file an amended complaint that cures the defects noted above

or inform the court if he decides to voluntarily dismiss this action.  A response is due on or

before April 29, 2011

The Clerk is directed to send a copy of this order to plaintiff, and note the April 29, 2011

due date on the court calendar.

DATED this 16th day of March, 2011.


J. Richard Creatura
United States Magistrate Judge

ORDER - 3