UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HAROLD JOHN MURPHY Jr, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF CORRECTIONS et al. <br><br> Defendants. | CASE NO. 3:11-cv-05174-BHS-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: SEPTEMBER 16, 2011 |

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant Eleanor Vernell moves for dismissal of the complaint based on plaintiff's failure to exhaust administrative remedies and lack of personal participation. The court recommends that the motion to dismiss be GRANTED for failure to exhaust administrative remedies and that the action be dismissed without prejudice.

## FACTS

Defendant's statement of the facts is uncontested as plaintiff did not respond to the motion to dismiss. Defendant states:

> There is a grievance procedure available to inmates who are incarcerated in DOC institutions. Exhibit 1, Declaration of Tamara J. Rowden. Under Washington's grievance system, an offender may file a grievance over a wide range of aspects of his incarceration. *Id*. Inmates may file grievances challenging: 1) DOC institution policies, rules and procedures; 2) the application of such policies, rules and procedures; 3) the lack of policies, rules or procedures that directly affect the living conditions of the offender; 4) the actions of staff and volunteers; 5) the actions of other offenders; 6) retaliation by staff for filing grievances; and 7) physical plant conditions. *Id.* An offender may not file a grievance challenging: 1) state or federal law; 2) court actions and decisions; 3) Indeterminate Sentence Review Board actions and decisions; 4) administrative segregation placement or retention; 5) classification/unit team decisions; 6) transfers; 7) disciplinary actions; and several other aspects of incarceration. *Id*.
> The Washington grievance system provides a wide range of remedies available to inmates. These remedies include: 1) restitution of property or funds; 2) correction of records; 3) administrative actions; 4) agreement by department officials to remedy an objectionable condition within a reasonable time; and 5) a change in a local or department policy or procedure. *Id.*
> The grievance procedure consists of four levels of review. *Id.* Level 0 is the complaint or informal level, at which the grievance coordinator pursues informal resolution. Level I grievances are grievances against policy, procedure, or other offenders, and grievances processed as emergencies. The local grievance coordinator is the respondent at Level I. Offenders may appeal a Level I response to Level II. All appeals and initial grievances received at Level II are investigated, with the prison superintendent being the respondent. Offenders may appeal all Level II responses except emergency grievances to Level III at Department Headquarters in Olympia, where they are reinvestigated. Administrators are the respondents at Level III. *Id.* Since January 28, 2011, Plaintiff has failed to file any grievances related to allegations in his complaint. *Id*.

(ECF No. 13, pages 2-3).

## STANDARD OF REVIEW

The Prison Litigation Reform Act ("PLRA") requires plaintiff to exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

REPORT AND RECOMMENDATION - 2

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. See 42 U.S.C. §1997 e (h). The statute defines prisoner to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes.

Having determined that the act applies to plaintiff, it is clear that he did not exhaust his available remedies. The action should be dismissed without prejudice so plaintiff may exhaust his claims. Until the claims are exhausted, they may not be maintained in federal court. Having reached this conclusion, the court does not address the argument concerning lack of personal participation.

## **CONCLUSION**

The court recommends this action be dismissed without prejudice for failure to exhaust administrative remedies. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See, 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 16 2011, as noted in the caption.

Dated this 23rd day of August, 2011.

J. Richard Creatura
United States Magistrate Judge